1  Darrell McGee, CDC #C-84197
2  CSP-SAC; FC-7-103
   P.O. Box 290066
3  Represa, CA 95671



FILED
08 JUL -9 PM 4:54

# E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DARRELL MCGEE,

    Petitioner,

v.

SCOTT KERNAN, Warden,

    Respondent.   /
_____/

Case No. CV 08 3306 (PR)

PETITIONER'S REQUEST FOR
CERTIFICATE OF APPEALABILITY
PURSUANT TO 28 U.S.C. § 2253 (c)

TO: THE HONORABLE MAGISTRATE JUDGE AND PRESIDING JUDGE OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA.

PETITIONER, Darell McGee, MOVES THIS HONORABLE COURT for an order issuing Petitioner's Request for Certificate of Appealability, and states the following:

On May 15, 2008, Petitioner's application for a writ of habeas corpus was denied and the action was ordered dismissed. Petitioner has filed a Notice of Appeal from this order.

1  Pursuant to 28 U.S.C. § 2253 (c) and Federal Rule of Appellate Procedure 22(b),
2  Petitioner hereby requests a Certificate of Appealability in order to proceed with this appeal.
3  Petitioner believes that he is entitled to redress on appeal, and further believes that a
4  certificate of appealability should be granted in this case on the following issues:

5  1. WHETHER CALIFORNIA PENAL CODE SECTION 31 PROVIDES AN "INNOCENT CONDUCT" STATUTORY BASIS UNDER WHICH VICARIOUS LIABILITY MAY BE IMPOSED FOR BOTH GENERAL AND SPECIFIC INTENT CRIMES PROVIDES PETITIONER WITH A PROTECTED LIBERTY INTEREST AND CONSTITUTES A FEDERAL DUE PROCESS VIOLATION PURSUANT TO THE 14TH AMENDMENT TO THE U.S. CONSTITUTION.

2. WHETHER IT IS ERROR TO INSTRUCT A JURY BY THE RENDITION OF CALJIC No. 2.92 THAT THE CONFIDENCE WHICH A WITNESS PROFESSES TO HAVE IN THE ACCURACY OF HIS EYEWITNESS IDENTIFICATION IS A LEGITIMATE FACTOR TO CONSIDER IN DETERMINING THE ACCURACY OF THAT WITNESS' TESTIMONY AND VIOLATES DUE PROCESS GUARANTEED UNDER THE 14TH AMENDMENT TO THE U.S. CONSTITUTION.

3. WHETHER ACTIVE OPPOSITION BY APPOINTED COUNSEL TO A MOTION TO SUBSTITUTE COUNSEL CONSTITUTES A CONFLICT OF INTEREST SO THAT INDEPENDENT COUNSEL MUST BE APPOINTED FOR THE UNREPRESENTED DEFENDANT VIOLATES BOTH THE 6TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION.

4. WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE ALLEGATION OF THE PERSONAL USE OF A FIREARM BECAUSE WITHOUT IT, PETITIONER WOULD ONLY BE SUBJECT TO THE ONE-STRIKE LAW AND

1  THEREFORE, THE ERROR VIOLATED HIS RIGHT TO THE 6TH AND 14TH
2  AMENDMENTS TO THE U.S. CONSTITUTION.
3     5. WHETHER THE BLAKELY AND CUNNINGHAM PRINCIPLES APPLY TO THE
4  SENTENCING FACTS OF PETITIONER'S CASE WHEN THE TRIAL COURT IMPOSED
5  CONSECUTIVE 3-STRIKES SENTENCES IN THE SAME PROCEEDING VIOLATED HIS
6  6TH AND 14TH AMENDMENT TO THE U.S. CONSTITUTION.

This application is properly presented to this court and meets the standard required for issuance of a Certificate of Appealability, in that petitioner can demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner is not required to prove before the issuance of a Certificate of Appealability that some jurists would grant the petition for writ of habeas corpus.

Indeed, a claim can be debatable even though every jurist of reason might agree, after the Certificate of Appealability has been granted and the case has received full consideration, that petitioner will not prevail. Miller-El v. Cockrell, 537 U.S. 322 (2003).

For the reasons stated in this application and all of the accompanying district court's records, petitioner respectfully requests that his application for a Certificate of Appealability be granted.

Dated: 6/14/08                   /s/ _Darell McGee_
                                      DARELL MCGEE